Stephen R. Vail died in 1864, seized of certain lands in Morris county. By his will he devised these lands to trustees in trust to permit the use thereof, for each respective life, by five successive equitable life tenants, and at the death of the last survivor thereof to rent the lands for twenty-one years and pay the income to such of the heirs of testator's son, Alfred, as shall then be living, and at the expiration of the twenty-one years to convey the lands in fee-simple to such of the heirs of said son, Alfred, as shall then be living.
The will expressly directs that the lands shall not be pledged, mortgaged, encumbered, sold or in any manner aliened, except that they may be leased for one year at a time.
George R. Vail, the last named, and the sole survivor of the five equitable life tenants, filed petition under the act to authorize the sale of lands limited over, c. P.L. 1857 p. 488;4 Comp. Stat. p. 4688. Notice was given under the statute to the present substituted trustee under the will, and to those of the heirs of testator's son, Alfred, who are now living. Four of the latter are minors, and motion is made by counsel, specially appointed to represent their interests, to strike out the petition on the ground that it discloses no right to the relief therein prayed, the contention being that the circumstances of the case do not bring it within the application of the provisions of section 1 of the statute.
It is rightly argued on behalf of the infants, and tacitly conceded by petitioner's brief, that the supplement of 1868 (P.L. 1868 p. 792; 4 Comp. Stat. p. 4691 § 50), enacted four years after testator's death, does not and cannot apply to the case at bar.
The act of 1857, by the provisions of section 1 thereof, applies to those cases, and, hence, those cases only, where "a future or contingent estate in lands is * * * wholly or *Page 600 
in part limited over to infants, or persons not in esse, or in such manner that the vesting or duration of such estate may be contingent," c., and the application for sale under the act may be made only by a "person owning a vested estate" in the lands.
Obviously, petitioner has not a vested legal estate in the lands. The legal estate is vested in the trustee until twenty-one years after petitioner's death. Even if the other now living heirs of Alfred should be deemed to have some sort of vested legal remainder in the lands, subject to divesting by death or by birth of other heirs prior to the time fixed for conveyance, petitioner cannot be within that category, for he cannot be a living heir twenty-one years after his own death.
He has a vested equitable estate in the lands. Does the statute include equitable estates as well as legal estates? Conflicting authorities as to the meaning of the word "estates" in other statutes are cited by opposing counsel. In Bernards v. Warren,15 N.J. Law 447, it is held that "freehold estate" in the statute as to the settlement of paupers includes equitable as well as legal estates. Undoubtedly, the word estates is used in statutes, as well as in all other cases of legal phraseology, sometimes to denote only legal estates and sometimes to denote both legal and equitable estates. The meaning in each particular case must be found from the context and from the purpose of the statute.
In the present case the context affords no aid. The purpose of the statute, however, is clear. It is designed to afford a remedy for the situation which may arise where it would be for the best interest of both the holders of vested interests and the contingent future owners to sell the lands, and such sale cannot be made by reason of the infancy or contingency of the future owners. Such a situation may equally well exist whether the estates are legal, or where they are equitable and the trustees has no power of sale. It is concluded, therefore, that in the statute sub judice the word "estate" includes both legal and equitable estates. *Page 601 
It is contended on behalf of the infants that the express prohibition of sale expressed in the will should not be overridden. The prohibition against sale, however, is directed against sale by the trustees, and strictly does not purport to contravene the statutory provisions. Moreover, the will having been made after the passage of the statute, its provisions must be deemed to be made in conformity with the statutory provisions, and in any event must, necessarily, be subordinate to the statutory provisions.
It is further argued that the petitioner is estopped from this endeavor to have the lands sold, because, under the express terms of the will, he has, by his acceptance and enjoyment of the testator's benefaction, bound himself to the payment of the taxes, repairs and other upkeep of the property for his lifetime. This might well be a controlling argument if this proceeding contemplated benefit only to petitioner. But under the statute the sale can only be authorized if a sale will be to the interest of the owners of the future estate, as well as to the interest of the present estate, and if such situation, in fact, exists, the owners of the future estate should not be deprived of the benefit.
That such a situation does, in fact, exist, would in any case be determined only after a careful inquiry and examination and on evidence satisfactory to the court, and particularly so in the instant case.
The motion to strike out will be denied. *Page 602